UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CYNTHIA ADAMS, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) AMAZON.COM, INC. and ) AMAZON.COM SERVICES LLC, ) ) Defendants. ) ) | Civil Action No. 7:23-cv-00121-EKD By: Elizabeth K. Dillon United States District Judge |

**MEMORANDUM OPINION**

This is a putative class action alleging that defendants' automatic renewal practices violate Virginia statutory and common law. Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") move to transfer this matter to the Western District of Washington. (Dkt. No. 13.) The court held a hearing on this motion on June 6, 2023. The court will grant the motion to transfer for the reasons stated on the record at the hearing and for the reasons set forth below.

First, it is undisputed that plaintiff signed-in to her Amazon Prime account during the class period. It is also undisputed that to sign-in, she had to enter an email or mobile phone number and click on the "Continue" button. Immediately underneath that button, the page notes, "By continuing, you agree to Amazon's Conditions of Use [with a hyperlink] and Privacy Notice [with a hyperlink]." Thus, by clicking on the continue button, plaintiff agreed to Amazon's Conditions of Use (COUs). (Decl. of Rebecca Hartley ¶ 5, Dkt. No. 14-1.) The COUs include a forum selection clause that requires "[a]ny dispute or claim relating in any way to your use of any Amazon Service [to] be adjudicated in the state or Federal courts in King County,

Washington"[1] and expressly states that users "consent to exclusive jurisdiction and venue in these courts." (Hartley Decl. ¶ 6, Ex. A at 4.) A forum selection clause is "'given controlling weight in all but the most exceptional cases,' and the plaintiff bears the burden of proving why it should not be enforced." *BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 471 (4th Cir. 2018) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013)). Plaintiff has not met her burden of showing that the forum selection clause should not be enforced. *See, e.g.*, *Am. Eagle Motors, LLC v. Copart of Conn., Inc.*, No. 1:22-cv-656 (RDA/JFA), 2023 WL 123503, at *3 (E.D. Va. Jan. 5, 2023) ("[C]ourts have routinely found clickwrap agreements"—created when a plaintiff "was required to check a box acknowledging that it had read and accepted the terms and conditions before creating the account"—to be "valid, enforceable contracts."); *Smart Choice Constr., Inc. v. Ceco Bldg. Sys.*, No. 3:12CV00021, 2012 WL 6025784, at *2 (W.D. Va. Dec. 3, 2012) (finding that forum-selection clause was mandatory where it provided that disputes "shall be submitted exclusively to a court of competent jurisdiction in Houston, Harris County, Texas").

Second, the public-interest factors favor transfer. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.")[2] Courts weighing transfer pursuant to § 1404(a) evaluate considerations of private and public interest, but because there is an enforceable forum selection clause, the court "may consider arguments about public-interest factors only." *Atl.*

---

[1] King County is in the Western District of Washington.

[2] Venue is proper in the Western District of Washington because Amazon resides in that district. *See* 28 U.S.C. § 1391(b)(1).

*Marine Constr.*, 571 U.S. at 64.[3] The public-interest factors include respective docket congestion, the transferee court's familiarity with the relevant law, the pendency of a related action, and the relationship of the community to the controversy. *ThroughPuter, Inc. v. Microsoft Corp.*, 3:21cv216, 2022 WL 874319, at *14 (E.D. Va. Mar. 23, 2022). Plaintiff has failed to show that the public-interest factors "overwhelmingly disfavor a transfer." *Atl. Marine Constr.*, 571 U.S. at 67. Most notably, three similar and related cases—one of which was filed by plaintiff's lawyers—are already pending in the Western District of Washington before the same district judge. As the district court noted in *Gonzalez v. Homefix Custom Remodeling, Corp.*, --- F. Supp. 3d ---, 2023 WL 3115585, at *6 (E.D. Va. Apr. 26, 2023) (citing *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) (simultaneous similar cases in different districts "leads to the wastefulness of time, energy and money that § 1404 was designed to prevent."), it is "generally in the interest of justice if a decision not to transfer would lead to courts rendering inconsistent judgments on the same issue."

For these reasons, the court will issue an order transferring this matter to the Western District of Washington.

Entered: June 14, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] The private-interest factors—plaintiff's choice of forum and the convenience of the parties and witnesses, *see WCC Cable, Inc. v. G4S Tech. LLC*, Case No. 5:17-CV-00052, 2017 WL 6503142, at *16 (W.D. Va. Dec. 15, 2017)—also favor transfer. While plaintiff's choice of forum is often given substantial weight, that is not the case in class action cases. *See Gonzalez v. Homefix Custom Remodeling, Corp.*, --- F. Supp. 3d ---, 2023 WL 3115585, at *7 (E.D. Va. Apr. 26, 2023). Additionally, Washington is the likely location of much of the evidence and many witnesses. Therefore, the court would grant Amazon's motion even if there were no enforceable forum selection clause.